IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CECELIA KIRKWOOD,** | ) Case No.: |
| **Plaintiff,** | ) COMPLAINT |
| v. | ) JURY TRIAL DEMANDED |
| **CITIZENS DISABILITY, LLC,** | ) |
| **Defendant.** | ) |

## COMPLAINT

CECELIA KIRKWOOD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CITIZENS DISABILITY, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA") and § 302.101 of the Texas Business and Commerce Code.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

5. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

## PARTIES

6. Plaintiff is a natural person who resides in Fort Worth, Texas.

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 1075 Main Street 4th Floor Waltham, Massachusetts.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Defendant regularly conducts business in the State of Texas, thus personal jurisdiction is established.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number that she has had for over a year.

12. Plaintiff has only used this number as a cellular telephone number.

13. Defendant called and sent a text message to Plaintiff on her cellular telephone.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Plaintiff knew the calls were placed by an automated telephone dialing system and/or pre-recorded message as calls began with a noticeable pause or clicking sound and/or a pre-recorded message before a live caller came on the telephone line.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Plaintiff did not consent to these communications.

18. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant when the calls began and revoked any previous consent that Defendant may have had to contact her.

19. Plaintiff has also been on the Do Not Call Registry since August of 2014.

20. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. In spite of his repeated instruction to stop calling her cellular telephone, Defendant instead continued to call her.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN T I
## Defendant Violated the TCPA 47 U.S.C. § 227(b)

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

26. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

27. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

28. Defendant's calls were not made for "emergency purposes.

29. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

30. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2014.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

36. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2014.

37. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

### COUNT III
### Defendant Violated § 302.101 OF
### THE TEXAS BUSINESS & COMMERICAL CODE

41. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

43. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

44. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

5

Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Cecelia Kirkwood,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

h. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

i. Any other relief this Honorable Court deems appropriate.

6

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CECELIA KIRKWOOD, demands a jury trial in this case.

DATED: 12/21/20                    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com